```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


GAIL BLACKBURN,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 1:09cv00497
                               )
THE TRUSTEES OF GUILFORD       )
TECHNICAL COMMUNITY COLLEGE,   )
                               )
                               )
          Defendant.           )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to dismiss by Defendant The Trustees of Guilford Technical Community College ("GTCC") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (Doc. 14.) GTCC argues that the Amended Complaint of Plaintiff Gail Blackburn ("Blackburn") fails to state a claim upon which relief can be granted and that Blackburn's cause of action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., is barred by sovereign immunity. The parties have provided supplemental briefing on the sovereign immunity issue. (Docs. 22, 23, 25, 26.) Oral argument on the motion was heard on June 28, 2010, and the matter is ripe for decision. For the reasons set forth below, the motion is granted and the Amended Complaint will be dismissed without prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Amended Complaint, taken in the light most favorable to Blackburn, alleges the following: Blackburn was hired by GTCC on July 10, 2006. (Doc. 10 ¶ 8(a).) On September 18, 2007, as a result of workplace injuries, she was placed on work restrictions that required that she lift no more than 20 lbs., not stand or sit for a prolonged time, or repetitively bend, stoop or squat. (Id. ¶ 8(c).) On December 10, 2007, Blackburn's physician released her to return to work with restrictions. (Id. ¶ 8(d).)

GTCC did not allow Blackburn to return to work, however, because it perceived that she was disabled and could not perform her job. Thus, it is alleged, GTCC refused to attempt to accommodate Blackburn's limitations and, on March 12, 2008, terminated her employment. (Id. ¶ 8(g), (h).) Blackburn alleges that she was capable of performing "modified duties of a regular job" and "the duties of several other available suitable positions" but was never given the opportunity to do so. (Id. ¶ 8(i), (j).) She alleges that GTCC unlawfully discriminated against her in violation of Title I of the ADA, 24 U.S.C. §§ 12101 et seq., and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (2000), and seeks injunctive relief,

damages and fees.

**II. ANALYSIS**

   **A. Standard of Review**

The purpose of a motion to dismiss is to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion under Federal Rule of Civil Procedure 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted), and all reasonable inferences must be drawn in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," a plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citations omitted). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual information "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Id. at 555, 570; see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

Employment discrimination claims carry no heightened pleading standard. Twombly, 550 U.S. at 570. Nor must employment discrimination complaints allege specific facts establishing a prima facie case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002). Yet the Fourth Circuit has not interpreted Swierkiewicz as removing a plaintiff's burden to plead facts sufficient to state all the elements of her claim. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003) (finding that plaintiff failed to plead sufficient facts in support of her hostile work environment claim to show the conduct was based on race or was severe or pervasive).

**B. Defendant's Rule 12(b)(6) Motion**

GTCC argues that Blackburn's Amended Complaint is "devoid of facts sufficient to support a claim" of unlawful discrimination in violation of either Title I of the ADA or section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

4

(Doc. 15 at 4.)  GTCC contends that the Amended Complaint fails to state that Blackburn has a disability and fails to allege any "facts or circumstances of discriminatory conduct on the part of [GTCC] tied to a disability."  (Id.)  Blackburn counters that she has alleged facts sufficient to put GTCC on notice of her claim.  (Doc. 17.)[1]

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a prima facie case of discriminatory firing under Title I, a plaintiff must prove: (1) she has a "disability"; (2) she is a "qualified individual"; and (3) in "discharging [her], [her] employer discriminated against [her] because of [her] disability."  Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997) (citation omitted) (discussing section 12112(a)).

Section 504 of the Rehabilitation Act prohibits discrimination on the basis of a disability "under any program

---

[1] Because the court determines that the Amended Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P., it need not reach GTCC's constitutional challenge of immunity under the 11th Amendment as to Blackburn's claim under Title I of the ADA pursuant to Rules 12(b)(1) and (b)(2), Fed. R. Civ. P.

or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The same standards applicable to Title I of the ADA also govern complaints of employment discrimination arising under section 504 of the Rehabilitation Act. 29 U.S.C. § 794(d).

### 1. Disability

GTCC contends that Blackburn failed to allege a disability. (Doc. 15.) The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).[2] There are two ways an individual may fall

---

[2] The ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, became effective on January 1, 2009. The ADAAA was intended to clarify congressional intent with respect to the original ADA, as well as to overturn several Supreme Court cases that had narrowed the ADA's scope. ADAAA § 2(b). However, Congress did not specify whether the ADAAA is to apply retroactively. In Landgraf v. USI Film Products, 511 U.S. 244 (1994), the Supreme Court stated that there is a "well-settled presumption" against giving retroactive effect to any law that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. at 277, 280. The Fourth Circuit has not ruled on this issue; however, many other circuits and district courts within the Fourth Circuit have declined to apply the ADAAA retroactively. See Milholland v. Sumner County Bd. of Educ., 569 F.3d 562, 566-67 (6th Cir. 2009); E.E.O.C. v. Agro Distribution, L.L.C., 555 F.3d 462, 469 n.8 (5th Cir. 2009); Kiesewetter v. Caterpillar, Inc., 295 F. App'x 850, 851 (7th Cir. 2008); Herzog v. Loyola Coll. in Md., Inc., No. RDB-07-02416, 2009 WL 3271246, at *5 n.3 (D. Md. Oct. 9, 2009). Blackburn alleges the discriminatory conduct occurred during 2007 and 2008. (Doc. 10

within the "regarded as" category: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999), superseded by statute, ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553.

Blackburn's Amended Complaint alleges she "was not allowed to return to work prior to her termination because of *Defendant's perception* that Plaintiff was disabled . . . [and that Defendant] treated Plaintiff *as if* she was disabled." (Doc. 10 ¶ 8 (emphasis added).) Admittedly, the factual allegations of the Amended Complaint are meager. But, they do refer specifically to GTCC treating Blackburn as disabled, and Blackburn alleges that GTCC mistakenly believed she was disabled. The Amended Complaint makes clear that Blackburn does have physical impairments but also alleges that GTCC overestimated their effect. Therefore, Blackburn has alleged sufficient facts to state this element of her claim.[3]

---

¶ 8(c), (h).) Therefore, the court will decline to apply the ADAAA to this case.
[3] At the motion hearing on June 28, 2010, Blackburn's counsel conceded that Blackburn did not claim to be disabled. This is consistent with

### 2. Discrimination

Blackburn must allege that by discharging her, GTCC discriminated against her because of her disability. 42 U.S.C. § 12112(a). When an employer concededly discharges an employee because of a disability, the employee need prove nothing further to meet this prong of the prima facie test. Martinson, 104 F.3d at 686.

GTCC contends that the Amended Complaint failed to allege any facts of discrimination, rather only legal conclusions. The court disagrees. The Amended Complaint states that "Defendant continually, intentionally, and in a discriminatory manner, refused to allow Plaintiff to return to her former position or any other position because of Defendant's perception that Plaintiff was disabled" (Doc. 10 ¶ 8(k)), and that on March 12, 2008, "Defendant posted a letter to Plaintiff terminating her employment" (Id. ¶ 8(h)). Blackburn has thus clearly alleged

---

the law. The Amended Complaint alleges that Blackburn was placed on work restrictions "requiring no lifting over 20 lbs., no prolonged standing/sitting, [and] no repetitive bending/stooping/squatting." (Doc. 10 ¶ 8(c).) Ordinarily, a temporary impairment due to an injury or illness, including recuperation from surgery, is not sufficient to qualify as a disability under the ADA. Pollard v. High's of Balt., Inc., 281 F.3d 462, 467-68 (4th Cir. 2002) (noting on summary judgment that in deciding if an impairment substantially limits one or more major life activities, courts may consider the "'nature and severity of the impairment,' the 'duration or expected duration of the impairment,' and the 'permanent or long term impact' of the impairment") (quoting 29 C.F.R. § 1630.2(j)(2)); Taylor v. Fed. Express Corp., 429 F.3d 461 (4th Cir. 2005) (finding on summary judgment that a lifting restriction of 30 lbs. is not a disability).

that she was discriminated against by being fired for what GTCC perceived to be a disability.

### 3. Qualified Individual

GTCC argues that Blackburn's allegations make it implausible that she was a "qualified individual" who could perform the essential functions of her job. (Doc. 9.) GTCC alleges that with her work restrictions Blackburn was not able to perform the functions of her job as a custodian. However, the Amended Complaint does not specify what job Blackburn held at GTCC. (Doc. 10 ¶ 8.)

A "qualified individual" is an "individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "[A] complaint asserting discrimination under the ADA must provide some allegation or allegations specifically indicating that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." E.E.O.C. v. Supervalu, Inc., 674 F. Supp. 2d 1007, 1012 (N.D. Ill. 2009). "Essential functions" means "the fundamental job duties of the employment position the individual with a disability holds or desires" and "does not include the marginal functions of the position." 29

C.F.R. § 1630.2(n)(1). A job function may be essential for various reasons, including the fact that the position exists to perform that function, the existence of a limited number of employees available among whom that job function can be distributed, and the fact that the employee was hired for her expertise in that particular function. Id. § 1630.2(n)(2). In determining if a job function is essential, a court may consider the employer's judgment and the amount of time the employee must spend performing that function. Id. § 1630.2(n)(3)(i), (iii). Further, "[a] plaintiff must show that [s]he can perform the essential functions of the job at the time of the employment decision or in the immediate future." Lamb v. Qualex, Inc., 33 F. App'x 49, 57 (4th Cir. 2002) (unpublished).

The Amended Complaint alleges that Blackburn "was capable of performing modified duties of a regular job but had no opportunity to consider the same" and that she was "capable of performing duties of several available suitable positions at the Defendant facilities." (Doc. 10 ¶ 8.) Whether the "modified duties" Blackburn claims she could perform satisfy the essential functions of her job ultimately requires a detailed factual inquiry, Sch. Bd. of Nassau County, Fla. v. Arline, 480 U.S. 273, 287 (1987), which Blackburn need not demonstrate at this

10

preliminary stage.  However, she must allege facts sufficient to state all the elements of her claim.  Bass, 324 F.3d at 764-65. Here, Blackburn does not allege that she was a qualified individual, and her allegation that she could perform "modified duties of a regular job" (Doc. 10 ¶ 8(j)) fails to contain any facts demonstrating that she could perform the essential functions of her job.  Blackburn is entitled to all reasonable inferences, but the court cannot infer an element of her claim that is not alleged.  Moreover, her allegation that she "was capable of performing the duties of several available suitable positions at the Defendant facilities" (id. ¶ 8(i)) fails to support her claim that she was capable of performing the essential functions of her job.

Blackburn's allegations that she could "perform[] the duties of several other available suitable positions" and that GTCC "refused to engage in any process to determine if Plaintiff's limitations could be accommodated" and "refused to reasonably accommodate Plaintiff's limitations" (id. ¶ 8(f), (g), (i)) do not resurrect her claim.  By her own admission Blackburn is not disabled but is proceeding solely on a theory of "regarded as" liability.  Though the Fourth Circuit has not decided the issue directly, Betts v. Rector & Visitors of Univ.

11

of Va., 145 F. App'x 7, 15 (4th Cir. 2005), the better reasoned view appears to be that an employer has no duty under the ADA to accommodate a plaintiff alleging "regarded as" liability. See Shannon v. New York City Transit Auth., 332 F.3d 95, 104 n.3 (2d Cir. 2003) ("It is not at all clear that a reasonable accommodation can ever be required in a 'regarded as' case (such as this one) in which it is undisputed that the plaintiff was not, in fact, disabled."); Kaplan v. City of N. Las Vegas, 323 F.3d 1226, 1232-33 (9th Cir. 2003) (finding no duty); Weber v. Strippit, Inc., 186 F.3d 907, 916-17 (8th Cir. 1999) (same); Workman v. Frito-Lay, Inc., 165 F.3d 460, 467 (6th Cir. 1999) (same); Newberry v. E. Tex. State Univ., 161 F.3d 276, 280 (5th Cir. 1998) (same); Bateman v. American Airlines, Inc., 614 F. Supp. 2d 660, 672-73 (E.D. Va. 2009) (same). But see Kelly v. Metalics West, Inc., 410 F.3d 670, 674-75 (10th Cir. 2005) (finding duty); D'Angelo v. Canagra Foods, Inc., 422 F.3d 1220, 1235-36 (11th Cir. 2005) (same); Williams v. Phila. Hous. Auth. Police Dept., 380 F.3d 751, 775-76 (3d Cir. 2004) (same); Katz v. City Metal Co., Inc., 87 F.3d 26, 32-33 (1st Cir. 1996) (same); Gottesman v. J.H. Batten, Inc., 286 F. Supp. 2d 604, 614 (M.D.N.C. 2003) (denying motion to dismiss in part on ground that reasonable accommodation alleged).[4]

---

[4] Kelly reflects the view that an employer must accommodate a "regarded

as" plaintiff under the ADA. The Tenth Circuit reasoned that a plain reading of the ADA's statutory scheme allows individuals who are "regarded as" disabled to receive reasonable accommodations. 410 F.3d at 675. The ADA prohibits discrimination against "a qualified individual with a disability." 42 U.S.C. § 12112. A "qualified individual" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12102(8). A disability includes those "regarded as having . . . an impairment" that "substantially limits one or more major life activities of . . . [an] individual." Id. § 12102(2). Thus, the court reasoned, the plain language of the ADA's interlocking statutory definitions includes within the rubric of a "qualified individual with a disability" those who are (1) regarded as disabled but (2) who, with reasonable accommodation, can perform the essential functions of the position that they hold. 410 F.3d at 675. The court noted that the ADA is concerned with "safeguarding the employee's livelihood from adverse actions taken on the basis of 'stereotypic assumptions not truly indicative of the individual ability' of the employee." Id. (citing 42 U.S.C. § 12101(a)(7)). Thus, the real danger is not that an employee will fail to disclose his ability to his employer, but that "the employee whose limitations are perceived accurately gets to work, while the employee regarded as disabled is sent home unpaid." Id. (citing Williams, 380 F.3d at 775). The court concluded that the employer who is unable or unwilling to shed its stereotypical assumptions, even if based on an incorrect notion, must accommodate the artificial limitations created by his own faulty assumptions. Id. Further, the court found that Congress did not note that it would be unreasonable to accommodate an employee who is only regarded as disabled, for "reasonable accommodation" makes no distinction between employees who are actual disabled and those who are only "regarded as" disabled. Id.; see 42 U.S.C. § 12111(9).

Kaplan reflects the contrary view. The Ninth Circuit noted that a formalistic reading of the statute would lead to "bizarre results." 323 F.3d at 1232. To permit "regarded as" employees to be entitled to reasonable accommodation would result in having impaired employees being better off under that statute if their employers treated them as disabled even if they were not. Id. Such a result would be "perverse and troubling" insofar as it would do nothing to encourage those employees to educate their employers about their talents but rather "improvidently provide those employees a windfall if they perpetuated their employers' misperception of a disability." Id. It would also cause employers to waste resources unnecessarily when they could be better spent assisting those with actual disabilities. Id. Indeed, this view is reflected expressly in the 2008 Amendments to the ADA, which, though not retroactively applicable to this case, now expressly state that "[a] covered entity . . . need not provide a reasonable

Under Twombly and Iqbal, a plaintiff must allege a sufficient factual basis for her claim to demonstrate that it is plausible before an employer should be compelled to defend a lawsuit. See, e.g., Supervalu, Inc., 674 F. Supp. 2d at 1012 (holding that a complaint that only alleges the plaintiff is a "qualified individual with a disability" failed to assert she was qualified to perform the essential functions of the job). The Amended Complaint fails to do so. Because this defect may be capable of being cured through repleading, leave to replead will be granted.

**III. CONCLUSION**

For the reasons set forth above,

IT IS THEREFORE ORDERED that GTCC's motion to dismiss Blackburn's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED WITHOUT PREJUDICE. Blackburn shall have twenty (20) days to file an amended complaint, should

---

accommodation . . . to an individual who [is merely regarded as disabled]." 42 U.S.C. § 12201(h). As noted in Bateman v. Am. Airlines, Inc., 614 F. Supp. 2d 660, 672-73 (E.D. Va. 2009), this is logical because the purpose of a reasonable accommodation is to assist the disabled employee, not to ensure an employer owns up to its subjective beliefs.

she so choose.[5]  Defendants' motion to stay discovery (Doc. 19) is denied as moot.

                                  /s/ Thomas D. Schroeder
                                United States District Judge

August 17, 2010

---

[5] Should Blackburn file an amended complaint, GTCC may reassert its 11th Amendment argument by adopting its previous briefing.

15